# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| JeTarre Washington, | : | Case No. 3:20-cv-173 |
| Plaintiff, | : : | District Judge Thomas M. Rose |
| vs. | : : | Magistrate Judge Caroline H. Gentry |
| Miami County Board of Commissioners, *et al.*, | : : : | |
| Defendants. | : | |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Show Cause Order and Motion to Extend Discovery and Dispositive Motion Dates ("Combined Motion," Doc. 65). Because Defendants have asked this Court to issue an order to show cause why this action should not be dismissed for failure to prosecute, rather than to issue an order of dismissal, the undersigned Magistrate Judge construes both Motions as non-dispositive under 28 U.S.C. § 636(b)(1)(A).

For the reasons set forth below, the Combined Motion is granted in part and denied in part. Specifically, the Motion for Show Cause Order is DENIED and the Motion to Extend Discovery and Dispositive Motion Dates is GRANTED.

### I. LEGAL STANDARD & ANALYSIS

#### A. Motion for Order To Show Cause

Defendants have asked the Court to issue an order to show cause why this lawsuit should not be dismissed for want of prosecution. Upon the motion of a defendant, the

1

Court may dismiss a civil lawsuit "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).

If a *pro se* plaintiff fails to comply with Court orders or deadlines, then his lawsuit is subject to dismissal under the same standards that apply to represented parties. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Dismissal for failure to prosecute, however, "is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (internal quotations and citation omitted). Relevant factors include: (1) the plaintiff's willfulness, bad faith or fault, (2) resulting prejudice to the defendant, (3) whether the plaintiff "was warned that failure to cooperate could lead to dismissal," and (4) whether less drastic sanctions should be imposed or considered. *Id*.

Defendants have not identified any facts that would support dismissal for failure to prosecute at this stage of the litigation. Although Plaintiff has not retained new counsel to represent him in this litigation, he is allowed to proceed on a *pro se* basis and his decision to do so does not provide a basis for dismissal. Further, while Plaintiff did not keep the Court apprised of his current address, he was not warned that a failure to do so would result in dismissal. Moreover, information about his address was subsequently obtained and no prejudice resulted to Defendants. Finally, although Defendants have questioned whether Plaintiff is truly interested in pursuing his claims, they have not identified any action (or inaction) that would provide a basis for finding that he has abandoned this litigation. To the contrary, Plaintiff has previously been deposed by Defendants' counsel

and he has been responsive to this Court's attempts to schedule a call with the parties. Accordingly, the Court DENIES Defendants' Motion for Order to Show Cause.

### B. Discovery Extensions

Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and the judge's consent." Fed. R. Civ. P. 16(b)(4). When deciding whether to grant or deny a motion for discovery extension, the Court should consider all relevant factors, including when the moving party learned of the subject of the additional discovery, the proportionality of the additional discovery, the length of the discovery period, whether the moving party was diligent or dilatory in conducting the discovery prior to filing the motion, and the non-moving party's responsiveness to prior discovery requests. Fed. R. Civ. P. 26(b)(1) (scope of discovery); *Plott v. General Motors Corp.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995) (identifying factors the appellate court considers on appeal of an order denying a request for additional discovery).

During a call with the Court, Defendants' counsel clarified that the remaining discovery sought is the completion of Plaintiff's deposition. In their Motion, Defendants described their efforts to complete Plaintiff's deposition and identified obstacles that include limits on deposing an incarcerated party and scheduling issues resulting from illness. The Court finds that there is good cause to extend the discovery deadlines as requested. Accordingly, the Court GRANTS Defendant's Motion to Extend Discovery and Dispositive Motion Dates.

### C. Depositions

Rule 30(a)(2)(B) requires parties to seek leave of Court to depose a party who is confined in prison. Fed. R. Civ. P. 30(a)(2)(B). Although Defendants have not made a formal motion under this rule, the Court will construe the Motion as impliedly including such a motion and grant it.

The Court reminds the parties of their obligation to comply with all rules governing the conduct of depositions, including Rule 30(d) which provides in part:

> (d) Duration; Sanction; Motion to Terminate or Limit
>
> (1) *Duration*. Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours.[1] The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.
>
> (2) *Sanction*. The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent.

The Court cautions the parties that sanctions may be imposed on either the deponent (i.e., the Plaintiff) or the deposing counsel or party, depending upon the circumstances. For example, sanctions may be available if the deponent (i.e., the Plaintiff) fails to answer a question or provides an evasive or incomplete answer to a question. Fed. R. Civ. P. 37(3)(B)(i) & 37(f).

---

[1] The term "one day of 7 hours" means that the party being deposed is "on the record" (i.e., is being asked and answering questions) for a total time of 7 hours. The 7-hour period does not include breaks or other time off the record. Further, the 7-hour period does not need to be completed in one day; it can be spread over two or more days. Finally, the 7-hour limitation applies to the deponent, not to each opposing party or counsel. Therefore, counsel taking the deposition are limited to a total period of 7 hours between (or among) them. If, however, Defendants determine that they need additional time to depose the Plaintiff, they may seek leave of Court to obtain such time.

If the parties require the Court's intervention during or prior to the deposition, they are directed to call the undersigned Magistrate Judge's chambers at 937-512-1590.

## II.     CONCLUSION

For the reasons stated, Defendants' Motion for Show Cause Order and Motion to Extend Discovery and Dispositive Motion Dates (Doc. 65) is granted in part and denied in part. Specifically, the Motion for Show Cause Order is DENIED and the Motion to Extend Discovery and Dispositive Motion Dates is GRANTED. Accordingly, this matter shall proceed as follows:

| | |
|---|---|
| Discovery deadline | April 29, 2022 |
| Telephone status conference | May 3, 2022, at 10:30 am |
| Dispositive motion deadline | June 3, 2022 |
| Final pretrial conference | January 19, 2023, at 1:30 pm |
| Jury trial | February 27, 2023, at 9:00 am |

**IT IS SO ORDERED.**

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.4.

                                      */s/ Caroline H. Gentry*
                                      Caroline H. Gentry
                                      United States Magistrate Judge